Sam McCullough v. The State.

No. 7982. Decided January 2, 1924.

Rehearing denied January 30, 1924.

**1.—Driving Automobile while Intoxicated—Sufficiency of the Evidence.**

Where, upon trial of driving an automobile while in an intoxicated condition, the evidence is sufficient to sustain the conviction there is no reversible error.

**2.—Same—Rehearing—Practice on Appeal.**

Out of deference to appellant's insistence that the facts do not show him to have driven a car on a public street while drunk the Court briefly states such facts in evidence which are deemed sufficient to sustain the conviction.

Appeal from the County Court of Dallas. Tried below before the Honorable Wylie A. Bell.

Appeal from a conviction of driving an automobile while intoxicated; penalty, a fine of $75.00.

The opinion states the case.

*W. E. Pinkston,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court at Law No. 2 for Dallas county of driving an automobile while in an intoxicated condition, and his punishment fixed at a fine of $75.

There is but one bill of exceptions in the record, which was filed too late to be considered. If considered no error would appear. The facts stated seem to establish beyond question that the appellant is guilty of the offense charged. The complaint sufficiently charged the offense, and no error appearing an affirmance will be ordered.

*Affirmed.*

### ON REHEARING.

### January 30, 1924.

LATTIMORE, JUDGE.—Out of deference to appellant's insistence that the facts do not show him to have driven a car on a public street while drunk, we state briefly such of the facts as might be deemed sufficient. Mr. Garrett drove his car to a point on a public street in the city of Dallas and there parked it in front of a house. He went into the house. Presently he heard a crash outside and went at once out the front door. Appellant was sitting in a Ford roadster which had been driven into Mr. Garrett's car. The windshield of appellant's car was broken and his head cut and bleeding. He was too drunk to talk. These facts are not disputed. They show his guilt.

The motion for rehearing is overruled.

*Overruled.*